UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY

CASE NO.:

INSIGNIA 88 LIMITED and
AMERICAN INTERNATIONAL GROUP UK
LIMITED,

      Plaintiffs,

vs.

M/Y ARENA, a 2013 92' Pershing motor yacht,
Gibraltar registered, official number 745336, her boats,
engines, generators, tackle, rigging, apparel, furniture,
furnishings, equipment, contents and appurtenances,
etc., *in rem*,

      Defendant.
_____/

## VERIFIED COMPLAINT

Plaintiff INSIGNIA 88, LTD and Subrogee, AMERICAN INTERNATIONAL GROUP UK LIMITED (hereinafter referred to as, "AIG"), files this Verified Complaint in admiralty against Defendant, M/Y ARENA, a 2013 92' Pershing motor yacht, Gibraltar registered, official number 745336, HIN: FERP9207F313, her boats, engines, generators, tackle, rigging, apparel, furniture, furnishings, equipment, contents and appurtenances, etc. (hereinafter referred to as, "M/Y ARENA"), *in rem*, and allege as follows:

1. This is a cause of action involving a May 25, 2019 allision between M/Y ARENA and M/Y MINX, a 2014 88' Princess motor yacht, United Kingdom registered, her boats, engines, generators, tackle, rigging, apparel, furniture, furnishings, equipment, contents and appurtenances, etc. (hereinafter referred to as, "M/Y MINX") in the Bay of Cannes near Cannes, France ("the incident").

## THE PARTIES

1. The Plaintiff, INSIGNIA 88 LTD is and was, at all times material hereto, a company registered in the Isle of Man.

2. INSIGNIA 88 LTD was the owner of the M/Y MINX at the time of the incident and at all times material hereto.

3. AIG, is and was, at all times material hereto, an insurance company organized under the laws of the United Kingdom and insured the M/Y MINX.

4. Defendant, M/Y ARENA, formerly known as M/Y VISION, is a 2013 92' Pershing motor yacht, Gibraltar registered, official number 745336.

5. Upon information and belief, M/Y ARENA, is and was, at all times material hereto, owned by Ceratops Consultants Limited.

6. Upon information and belief, Ceratops Consultants Limited is and was, at all times material hereto, a company organized under the laws of Gibraltar.

7. Upon information and belief, Richard Mark Oliver Skelhorn is the beneficial owner of Ceratops Consultants Limited.

**JURISDICTION AND VENUE**

8. The causes of action brought herein are *in rem* actions against M/Y ARENA, brought within the admiralty and maritime jurisdiction of this Court founded upon Article III of the United States Constitution and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, Supplemental Admiralty Rule C(1)(a), and further pursuant to 28 U.S.C. § 1333(1) and 46 U.S.C. §§ 30101, 31301(5) as a maritime tort case of damage and injury to person and property caused by a vessel during the operation and navigation of the vessel. *See Jerome B. Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 539, 115 S. Ct. 1043, 1051 (1995); *The City of Panama*, 101 U.S. 453, 462, 25 L. Ed. 1061 (1880); *In re Craddock*, No. 15-10462-E, 2015 U.S. App. LEXIS 8450, at *4 (11th Cir. Mar. 25, 2015); *Merchs. Nat'l Bank v. Dredge Gen. G. L. Gillespie*, 663 F.2d 1338, 1345 (5th Cir. 1981).

9. The damage to the M/Y MINX caused by actions of the M/Y ARENA creates a maritime lien under the substantive laws of the Flag State where the allision occurred.

10. The M/Y ARENA is presently located within the Court's jurisdiction and territorial boundaries in the Southern District of Florida.

11. Because the M/Y ARENA is presently within the navigable waters of this judicial district and within the jurisdiction and venue of this Honorable Court, Plaintiffs, Insignia 88, ILTD

and AIG has the legal right to arrest, attach, or otherwise restrain M/Y ARENA and assert *in rem* jurisdiction over the M/Y ARENA as security for the damages sustained.

12. This Court has proper subject matter jurisdiction to hear this case.

13. This Court has proper personal jurisdiction over the defendants.

14. Venue for this civil action is proper in the Southern District of Florida.

15. All conditions precedent to bringing this case have been satisfied, waived or excused.

## GENERAL FACTS AND ALLEGATIONS

16. On or about May 25, 2019, the M/Y ARENA, being operated by its Captain at the helm, and with its owner and eight guests on board, undertook an unsafe, close proximity, high-speed pass of M/Y MINX on her port side while the M/Y MINX was at anchor in the Bay of Cannes in between Cannes, France and Ile Sainte-Marguerite.

17. The high-speed pass was unplanned and made at the request of the owner of M/Y ARENA just prior to undertaking the maneuver.

18. During the attempted high speed pass by M/Y ARENA, the Captain of M/Y ARENA lost control of the vessel and was unable to steer the vessel port, out of the path of M/Y MINX.

19. M/Y ARENA, with its Captain at the helm, allided with M/Y MINX resulting in the death of a M/Y MINX crewmember, injuries to other crew and guests of M/Y MINX, and severe damage to M/Y MINX.

20. At the time of the incident, M/Y ARENA's Captain was the operator, master, and individual in charge and at the helm of M/Y ARENA.

21. At all times material hereto, M/Y ARENA's Captain was authorized and otherwise had the permission of the vessel's owner, Ceratops Consultants Limited, to operate M/Y ARENA.

22. At the time of the incident, M/Y ARENA's Captain was under the influence of marijuana, impairing his judgment and reaction time.

23. At the time of the incident, M/Y ARENA was travelling at approximately 24 knots, in excess of the speed limit for vessels at the location of the incident pursuant to local vessel traffic laws, rules and regulations and in excess of a safe operating speed at the location.

24. The weather and visibility were good and the sea conditions were calm at the time and location of the incident.

25. At the time of the incident, M/Y ARENA was registered as a commercial vessel, certified to carry up to ten passengers.

26. At the time of the incident, M/Y ARENA's Captain did not have the required and appropriate credentials and training to operate M/Y ARENA. The Captain did not have a commercial endorsement on his RYA Yachtmaster qualification, as required for operation of commercial vessels under the Maritime and Coast Guard Agency Small Commercial Vessel and Pilot Boat Code of Practice ("SCV Code").[1] M/Y ARENA's Captain further lacked the training and evaluations that would have been afforded to him with the endorsement that included risk avoidance and criteria relevant to the avoidance of the undertaking of the unsafe close pass and precipitating factors resulting in the incident.

27. The Captain operated the M/Y ARENA in an unsafe manner and at an unsafe speed, failing to adhere to the standard of care for the operator of a power yacht such as M/Y ARENA, directly and proximately resulting in the collision of the vessel with M/Y MINX and the resulting death and injuries to M/Y MINX's crew and guests and damage to M/Y MINX.

28. M/Y ARENA is liable *in rem* for damages caused by the negligence of its owner and operator.

29. As a direct and proximate result of the incident and the negligence of M/Y ARENA through its owner and operator, the M/Y MINX and its owner INSIGNIA 88 LIMITED has incurred damages, including the death of a M/Y MINX crewmember, injuries to other crew and guests of M/Y MINX, and severe damage to M/Y MINX.

30. INSIGNIA 88 LIMITED made an insurance claim under the policies of marine insurance issued by AIG for damages resulting from the incident, including medical and compensation for bodily injury and death benefits as well as a constructive total loss under the Hull insurance provisions arising from severe damage to M/Y MINX, pursuant to the terms and conditions of the policies.

---

[1] The SCV Code applied to Gibraltar registered yachts in accordance with the Gibraltar Maritime Administration's Shipping Guidance Notice 054, issued in May 2014.

31. As a result of the incident, AIG has paid insurance benefits under the Hull insurance coverages and Seaman Benefits under the Maritime Labour Convention on behalf INSIGNIA 88 LIMITED, as owner of M/Y MINX.

32. INSIGNIA 88 LIMITED has additional uninsured damages directly and proximately caused by the incident and the negligence of M/Y ARENA.

33. Plaintiffs, AIG and INSIGNIA 88 LIMITED have maritime tort liens against M/Y ARENA *in rem* for injuries and damages caused by the Vessel through the negligence of its operator and are entitled to bring this action to enforce and foreclose upon their liens. 46 U.S.C. § 31301(5).

34. *In personam* claims in the collective amount of **£4,837,759.91** GBP are currently pending in the Supreme Court of Gibraltar, Claim No. 2020/ADM/13 between Claimant, INSIGNIA 88 LIMITED, as owners of M/Y MINX, and Defendants, CERATOPS CONSULTANTS LIMITED, as owners of M/Y ARENA, and Richard Mark Oliver Skelhorn for the recovery of damages relating to the incident.

35. This action is brought solely *in rem* against the offending vessel as security for the damages incurred.

## COUNT I:  CLAIM FOR NEGLIGENCE BY INSIGNIA 88 LIMITED AGAINST THE M/Y ARENA, *in rem*

36. Plaintiff INSIGNIA 88 LIMITED reaffirms and re-alleges paragraph numbers 1 through 35 as though fully incorporated herein, and further alleges:

37. The M/Y ARENA owed INSIGNIA 88 LIMITED as owner of M/Y MINX, the legal duty of reasonable care under the circumstances.

38. The legal duty owed to INSIGNIA 88 LIMITED was breached by M/Y ARENA, through the actions of its owner and operator by:

   a. The owner directing the captain who was under the influence of drugs to perform a dangerous and reckless high speed maneuver with a 92 foot boat.

   b. Allowing an operator who did not possess the requisite certifications, qualifications, skill set, expertise, and/or training to operate a high speed commercial registered power yacht such as M/Y ARENA;

    c. Failing to operate the M/Y ARENA in a reasonably safe and prudent manner under the circumstances leading up to and at the moment M/Y ARENA collided with M/Y MINX;

    d. Undertaking and operating M/Y ARENA in an unsafe, unplanned, high speed close pass maneuver at close proximity with M/Y MINX, without due regard for the risks to the M/Y MINX and the safety of those on board M/Y MINX;

    e. Operating the M/Y ARENA in excess of the speed limit for vessels at the location and time of the incident pursuant to local vessel traffic laws, rules and regulations, and in excess of a safe operating speed at the location;

    f. Operating the M/Y ARENA under the influence of marijuana with impaired judgment and reaction time;

    g. Failing to make needed speed and course adjustments on approach to M/Y MINX prior to the incident;

    h. Failing to operate M/Y ARENA at a reasonable and safe distance from M/Y MINX prior to and at the time of the incident; and

    i. Alliding with the M/Y MINX, which was anchored at the time of impact.

39. The aforementioned negligence of M/Y ARENA was the direct and sole proximate cause of the May 25, 2019 allision of M/Y ARENA into M/Y MINX and the resulting death of a crewmember of M/Y MINX, injuries to the crew and guests aboard M/Y MINX, and physical damage to M/Y MINX.

40. The loss resulted from the owner's and captain's personal acts or omissions recklessly with knowledge that such loss would result.

41. As a direct and proximate result of the negligence of M/Y ARENA Plaintiffs collectively are damaged in the amount of **£4,837,759.91** GBP.

### COUNT II:  CLAIM FOR NEGLIGENCE BY AIG AGAINST THE M/Y ARENA, *in rem*

42. Plaintiff, AIG, reaffirms and re-alleges paragraph numbers 1 through 35 as though fully incorporated herein, and further alleges:

43. The M/Y ARENA, through its owner and operator owed INSIGNIA 88 LIMITED, the owner of M/Y MINX, the legal duty of reasonable care under the circumstances.

44. The legal duty owed to INSIGNIA 88 LIMITED was breached by M/Y ARENA, through the actions of its owner and operator by:

   a. The owner directing the captain who was under the influence of drugs to perform a dangerous and reckless high speed maneuver with a 92 foot boat.

   b. Allowing an operator who did not possess the requisite certifications, qualifications, skill set, expertise, and/or training to operate a high speed commercial registered power yacht such as M/Y ARENA;

   c. Failing to operate the M/Y ARENA in a reasonably safe and prudent manner under the circumstances leading up to and at the moment M/Y ARENA collided with M/Y MINX;

   d. Undertaking and operating M/Y ARENA in an unsafe, unplanned, high speed close pass maneuver at close proximity with M/Y MINX, without due regard for the risks to the M/Y MINX and the safety of those on board M/Y MINX;

   e. Operating the M/Y ARENA in excess of the speed limit for vessels at the location and time of the incident pursuant to local vessel traffic laws, rules and regulations, and in excess of a safe operating speed at the location;

   f. Operating the M/Y ARENA under the influence of marijuana with impaired judgment and reaction time;

   g. Failing to make needed speed and course adjustments on approach to M/Y MINX prior to the incident;

   h. Failing to operate M/Y ARENA at a reasonable and safe distance from M/Y MINX prior to and at the time of the incident; and

   i. Alliding with the M/Y MINX, which was anchored at the time of impact.

45. The aforementioned negligence of M/Y ARENA was the direct and sole proximate cause of the May 25, 2019 allision of M/Y ARENA into M/Y MINX and the resulting death of a crewmember of M/Y MINX, injuries to the crew and guests aboard M/Y MINX, and physical damage to M/Y MINX.

46. The loss resulted from the owner's and captain's personal acts or omissions recklessly with knowledge that such loss would result.

47. AIG is entitled to full recovery of its policy benefits paid to and on behalf of its insured INSIGNIA 88 LIMTED resulting from the incident against M/Y ARENA *in rem*.

48. INSIGNIA 88 LIMITED therefore has a lien against the vessel, M/Y ARENA, for its actual, consequential, and incidental damages resulting from the negligence of M/Y ARENA through its owner and operator, plus costs, *custodia legis* fees, and pre and post-judgment interest, and is entitled to a judgment against the vessel, M/Y ARENA for such damages, and to foreclose on the lien and to have the vessel condemned and sold to satisfy its lien and all other sums owed.

**WHEREFORE**, Plaintiffs, INSIGNIA 88, LTD and AMERICAN INTERNATIONAL GROUP UK LIMITED respectfully request the Court:

  a. Issue a warrant for the arrest of Defendant vessel, M/Y ARENA, citing it and all persons claiming any interest therein to appear and answer under oath the matters aforesaid;

  b. Order that Plaintiffs have a maritime lien upon the M/Y ARENA for its full consequential and compensatory damages resulting from the negligence of M/Y ARENA through its owner and operator, for AIG's payment, plus INSIGNIA 88 LIMITED's actual, consequential, and incidental damages, plus costs, *custodia legis* fees, and pre and post-judgment interest for the maritime tort as described herein and that such lien is superior to the interest, liens and/or claims of any and all persons, firms or corporations whatsoever;

  c. Enter judgment for Plaintiffs, *in rem*, for its actual, consequential, and incidental damages resulting from the negligence of M/Y ARENA through its owner and operator, in the collective amount of **£4,837,759.91** GBP, plus INSIGNIA 88 LIMITED's actual, consequential, and incidental damages, plus costs, *custodia legis* fees, and pre and post-judgment interest;

  d. Order that M/Y ARENA be condemned and sold to pay said judgment and all other such sums owed;

  e. Order that Plaintiffs be permitted to bid its judgment against the M/Y ARENA at a U.S. Marshal's sale; and

  f. Grant such other relief as deemed just and proper under the circumstances.

Dated this 13th day of November, 2020.

Respectfully Submitted,

FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
Phone:  (954) 763-5020
Fax:     (954) 763-5412
*Attorneys for Plaintiffs, AMERICAN INTERNATIONAL GROUP UK LIMITED and INSIGNIA 88 LIMITED*


By:  /s Christopher R. Fertig
CHRISTOPHER R. FERTIG, ESQ.
Florida Bar No.: 218421
Email: crf@fertig.com

and

By:  /s Alexander P. Koffler
ALEXANDER P. KOFFLER, ESQ.
Florida Bar No.: 41301
Email: apk@fertig.com

## **VERIFICATION**

I verify under penalty of perjury of the laws of the United States of America, that I am an authorized representative of Plaintiff corporations and as such have the authority to execute this Verification; and I have read the foregoing Verified Complaint and know the contents thereof and the same are true and correct of my own knowledge, except as to the matters therein stated upon information and belief, and as to those matters, I believe them to be true and correct.

Dated this 13th day of November, 2020.

_____
Signature

**Christopher R. Fertig**
_____
Printed Name